IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Phillip Reeves,<br><br>                Plaintiff,<br>vs.<br><br>Scott C. Bingel; E.M. O'Brien; Christopher D. Robinson; State of South Carolina; James S. Massey,<br><br>                Defendants. | Civil Action No. 6:23-cv-4474-CMC<br><br>**ORDER** |

      This matter is before the court on Plaintiff's Complaint. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. On October 18, 2023, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Plaintiff's Complaint be summarily dismissed without prejudice and without issuance and service of process. ECF No. 24. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed three documents after issuance of the Report: a letter (ECF No. 27), a motion to amend to add Warden Scotty Bodiford as a respondent (ECF No. 29), and objections to the Report (ECF No. 31).

      The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28

U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Report recommends Plaintiff's Complaint be dismissed because Plaintiff's request that this court "review an inferior court's legal progress of determining probable cause for an arrest warrants application of an alleged crime" is disallowed by *Younger v. Harris*, 401 U.S. 37 (1971). ECF No. 24 at 1 (citing Am. Compl., ECF No. 12). The Magistrate Judge determined Plaintiff can pursue his claims, that the county magistrate's finding of probable cause to issue a warrant for his arrest and to deny him bond, can be pursued in state court and thus this court cannot interfere with the state court proceedings. ECF No. 24 at 1, 4.

The court will first address Plaintiff's first filing subsequent to the issuance of the Report, regarding his "second writ of certiorari." ECF No. 27. Plaintiff has styled his action as a "writ of certiorari" regarding a criminal action against him in state court. Plaintiff asserts in his letter, received by the court on October 18, 2023, he has sent two separate such "writs of certiorari," each requesting the same relief regarding his state criminal case, but under different case law. *Id.* at 1. In his letter, he asserts he wasn't aware he could have "separate writ(s) of certiorari asserting different material subject matter under the same incident and docket number." *Id.*

As an initial matter, the court notes a county or state court is not an "inferior" court to this one, so a writ of certiorari is not the appropriate filing. The federal system is a separate judicial

2

system from the state courts.  This court only reviews state court decisions in very narrow circumstances, as explained more fully in the Report and below.  Accordingly, documents filed here are not "writs of certiorari" from state courts, reviewing state court decisions. The Magistrate Judge construed Plaintiff's filings as a civil Complaint regarding his arrest in county or state court, and his "second writ of certiorari" was construed as an Amended Complaint in the same case as his original filing.

Plaintiff also objects to the Report, contending he wants to know "if the legal process was taken correctly [in state court] and what is the procedures that is supposed to apply." ECF No. 31 at 1 (errors in original).  He notes he is "ignorant of the law" and merely "wants his questions answered," so he is seeking declaratory relief. *Id.*  He then asserts his constitutional rights were violated. *Id.* He requests the court "grant him summary judgment to a quest on declaratory relief on inquiring about a post decision of an inferior court, where petitioner never attended a probable cause hearing for furtherance detention."  *Id.* at 2 (errors in original).

As noted above, the state or county court is not "inferior" to this court, as it is in a separate system. Accordingly, the court agrees with the Magistrate Judge it cannot interfere with a state court criminal prosecution under *Younger*.  Plaintiff appears to allege violations of his constitutional rights; however, there are ongoing state judicial proceedings, and it appears Plaintiff's claims regarding his arrest and bond can be adequately addressed during those proceedings.

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge and Plaintiff's filings, the court agrees with the Report's recommendation the

3

matter should be summarily dismissed. Accordingly, the court adopts the Report by reference in this Order. This matter is hereby dismissed without prejudice and without issuance and service of process.[1]

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
November 9, 2023

---

[1] Plaintiff's motion to add the Warden as a respondent is denied as moot.